O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 14-0285-DOC (RNBx)            Date: May 30, 2014

Title: MARSELA GARCIA, ET AL. V. ACE CASH EXPRESS, INC., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND [11]**

Before the Court is Plaintiffs' Motion to Remand ("Mot.") (Dkt. 11). Having considered the Motion, opposition, and reply, the Court DENIES the Motion to Remand.

## I. BACKGROUND

This suit alleges that Defendant ACE Cash Express, Inc. ("ACE") unlawfully terminated three of its employees: Marsela Garcia ("Ms. Garcia"), Carolina Miranda ("Ms. Miranda"), and Sulma Ceron ("Ms. Ceron") (together, "Plaintiffs"). *See generally* Decl. of Elizabeth A. James (Dkt. 6) Ex. A ("Compl."). ACE is a Texas corporation with its principal place of business in Irving, Texas. Compl. ¶ 4; Ntc. of Removal (Dkt. 1) at 5. Plaintiffs are domiciled in California. Ntc. of Removal at 4-5; *see also* Compl. ¶¶ 1–3 (identifying Plaintiffs as residents of California).

### A. Marsela Garcia's Termination

Plaintiff Ms. Garcia was hired by Defendant ACE as a cashier beginning on or around June 2008. Compl. ¶ 15. In or around December 2013, Ms. Garcia realized that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                                Date: May 30, 2014

                                                                                                              Page 2

she was pregnant and promptly informed her immediate manager. *Id.* ¶ 16. After her District Manager was informed of the pregnancy on February 15, 2013, Ms. Garcia began receiving negative comments related to her work performance. *Id.* ¶¶ 17–18. On February 21, 2013, Ms. Garcia was informed that she was terminated. *Id.* ¶ 19.

### B. Carolina Miranda's Termination

Plaintiff Ms. Miranda was hired by ACE as a cashier beginning on or around January 4, 2012. *Id.* ¶ 29. In or around August 2012, Ms. Miranda realized that she was pregnant and promptly informed her District Manager. *Id.* ¶ 30. On October 12, 2012, Ms. Miranda was informed that she was terminated. *Id.* ¶ 31.

### C. Sulma Ceron's Termination

Plaintiff Ms. Ceron was hired by ACE as a store manager beginning on or around September 27, 2005. *Id.* ¶ 40. On or around September 2012, Ms. Ceron realized that she was pregnant and promptly informed her District Manager. *Id.* ¶ 41. On December 12, 2012, Ms. Ceron was informed that she was terminated. *Id.* ¶ 42.

Plaintiffs assert five claims against ACE: (1) Breach of Covenant of Good Faith and Fair Dealing; (2) Gender Discrimination in Violation of the Fair Employment and Housing Act (Pregnancy); (3) Failure to Prevent Discrimination in Violation of the Fair Employment and Housing Act; (4) Wrongful Termination in Violation of Public Policy; and (5) Retaliation. *See generally id.* On February 27, 2014, ACE removed the action from Orange County Superior Court. *See generally* Ntc. of Removal. Plaintiffs now move to remand the case back to Orange County Superior Court. *See generally* Mot.

## II. LEGAL STANDARD

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                          Date: May 30, 2014

                                                                                                                      Page 3

If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Federal diversity jurisdiction requires that the parties be "citizens of different states" and that the amount-in-controversy exceed $75,000. 28 U.S.C. § 1332. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)).

Generally, a removing defendant must prove by a "preponderance of the evidence that the amount-in-controversy satisfies the jurisdictional threshold." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount-in-controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Guglielmino*, 506 F.3d at 699. A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

By contrast, a removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or, alternatively, if the plaintiff has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant may not merely speculate and must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state,

Case 8:14-cv-00285-DOC-RNB Document 23 Filed 05/30/14 Page 4 of 8 Page ID #:206

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                                        Date: May 30, 2014

Page 4

and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphasis added). In short, the defendant must show that it is "more likely than not" that the amount-in-controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing of "more likely than not." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Thus, defendants may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

### III. ANALYSIS

#### A. Mitigating Factors

Plaintiffs argue that the lost wage values stated by ACE are grossly overestimated because they do not account for "mitigating factors" that are not recoverable by Plaintiffs. Mot. at 3. The Court disagrees.

The Ninth Circuit has explained that there is a difference between the amount in controversy and the amount ultimately recovered or able to be recovered. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 663 (9th Cir. 2004); *see also American Guaranty Co. v. Caldwell*, 72 F.2d 209, 211 (9th Cir. 1934) ("It is the amount in controversy which determines jurisdiction, not the amount of the award."). As a result, affirmative defenses, counterclaims, and potential offsets may not be considered as part of the amount in controversy. *See St. Paul*, 303 U.S. at 289 (holding that even when a complaint discloses the existence of a valid defense, it cannot be grounds for demonstrating a failure to meet the amount-in-controversy threshold); *see also Lara v. Trimac Trans. Serv. (Western) Inc.*, No. CV 10-4280-GHK, 2010 U.S. Dist. LEXIS 82420, at *8–9 (C.D. Cal. Aug. 6, 2010) (excluding all "affirmative defenses, counterclaims, and potential offsets" from the amount-in-controversy analysis). This proposition is one grounded in practicality, where otherwise, jurisdictional determinations would be subject to the outcomes of trials on the merits, in which affirmative defenses, counterclaims, and potential offsets may or may not be raised, creating uncertainty and unnecessary pleadings. *See Denton v. Schlesinger*, 605 F.2d 484, 485–88 (9th Cir. 1979); *see also Geographic Expeditions*, 599 F.3d at 1108 ("[I]f a district court had to evaluate every possible defense [or potential offset] that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.").

For example, the court in *Geographic Expeditions* found that a "damages limitation" within a contract—even if it could be used to limit the plaintiff's potential recovery—could not be used for calculating the amount in controversy. 599 F.3d at 1107–08 ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean that the defendant *will* ultimately prevail on that defense.") (emphasis added).

In the instant case, Plaintiffs point to two mitigating factors that it argues should be considered for amount-in-controversy calculations: the maternity leave that Plaintiffs would have taken had they not had their employment terminated, and the earnings from the new jobs procured by Plaintiffs following termination of their employment with ACE. Mot. at 4–8. The mitigating factors in this case are "potential offsets" that are inapplicable to the amount-in-controversy calculation. *See St. Paul*, 303 U.S. at 289–290.

Thus, the Court holds that it is inappropriate to incorporate potential mitigating factors into the amount-in-controversy calculations.[1]

## B. The Amount in Controversy in the Instant Case[2]

ACE argues that it has shown by a preponderance of the evidence that the jurisdictional amount-in-controversy requirement is satisfied. The Court agrees.

As explained above, the question is whether ACE has shown that it is "more likely than not" that full recovery would be more than $75,000, when mitigating factors are not taken into account. *See Coleman*, 730 F. Supp. 2d at 1149.

### 1.　　Compensatory Damages

When the plaintiff's complaint does not clearly establish the amount in controversy, the defendant may use the "underlying facts," as shown by summary judgment-like evidence, to establish that the amount-in-controversy requirement is satisfied. *Coleman*, 730 F. Supp. 2d. at 1148. In this case, ACE argues that it used

---

[1] The Court notes that each party has signaled that it would be open to a stipulation to remand this action back to state court. *See* Opp'n at 9 ("ACE offered to stipulate to a remand if each Plaintiff stipulated that she would not seek more than $75,000 for all damages and fees in this case."); Reply at 2 ("[T]he plaintiffs are willing to stipulate that they will not seek damages for the periods of time that they would have taken a maternity leave . . . . [and] that any damages they can prove will be subtracted by any amounts that they earned at other jobs[.]"). These statements had no bearing on the Court's decision, but parties are free to stipulate to have the suit remanded.

[2] Neither party disputes the fact that there is complete diversity between the parties. *See generally* Mot.; Opp'n. The Court finds, for the purposes of this Motion, that Plaintiffs are completely diverse from ACE. *See Exxon Mobil*, 545 U.S. at 553.

Case 8:14-cv-00285-DOC-RNB Document 23 Filed 05/30/14 Page 6 of 8 Page ID #:208

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                                Date: May 30, 2014

Page 6

summary judgment-like evidence of the potential value of each Plaintiff's lost wages or back pay. Opp'n at 10. The Court agrees.

ACE made these calculations by establishing each Plaintiff's respective monthly incomes at the time of termination and multiplying that by twelve (the number of months between termination and removal), and adding wages for the estimated time between removal and trial. Ntc. of Removal 9–12. Similar to the calculations permitted by the *Coleman* court, as the preponderance of the evidence standard does not require ACE to "prove" the exactness of any calculated future quantities, ACE's calculations are reasonable for showing that it is "more likely than not" that its figures accurately reflect the amount in controversy. *See Coleman*, 730 F. Supp. 2d. at 1148.

Based on the reasonable estimates of compensatory damages alone (front pay and back pay), Ms. Garcia and Ms. Ceron satisfy the jurisdictional minimum of $75,000 without having to consider other categories of possible recovery. Ms. Garcia can potentially recover $88,918.37 in lost wages, and Ms. Ceron can potentiall recover $95,238.00 in lost wages. *See* Opp'n at 10. However, Ms. Miranda falls short, potentially recovering only $66,354.60 in lost wages. *See id.*

### 2. Supplemental Jurisdiction

ACE argues that the Court has supplemental jurisdiction over Ms. Miranda. The Court disagrees.

In some cases, courts may have supplemental jurisdiction under 28 U.S.C. Section 1367(a) over an entire diversity action when some, but not all, of the plaintiffs allege an amount in controversy exceeding the jurisdictional minimum. *Exxon Mobil*, 545 U.S. at 564. However, supplemental jurisdiction is appropriate only when the state court claims derive from a "common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 388 U.S. 715, 725 (1966).

In the instant case, while Plaintiffs seek the same relief, the conduct by ACE did not happen in the same "transaction or occurrence." Rather, the actions happened on different dates under different circumstances. Thus, even if the reasons for termination are presumed to be the same, Ms. Miranda's claims do not arise from the same set of facts as Ms. Garcia and Ms. Ceron. *See Wiley v. Trendwest Resorts, Inc.*, No. C 04-4321, 2005 U.S. Dist. LEXIS 35568, at *11–14 (N.D. Cal. May 3, 2005) (citing *Lying v. Whisman*, 45 F.3d 758 (3d Cir. 1995) (holding that state law claims arising from the same employment relationship do not automatically share a common nucleus of operative fact).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                                Date: May 30, 2014

                                                                                                                                             Page 7

Accordingly, the Court finds that it does not have supplemental jurisdiction over Ms. Miranda's claims.[3]

### 3. Attorney's Fees

Finally, ACE argues that Ms. Miranda satisfies the amount-in-controversy requirement if unascertainable damages—including emotional distress, medical expenses, punitive damages, and attorney's fees—are taken into account. Insofar as ACE argues that attorney's fees may be taken into account when a statute authorizes it, the Court agrees.

"[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); . When a statute mandates or allows the payment of such fees for recovery, those payments are factored into the amount in controversy, irrespective of whether or not the plaintiff *will* in fact recover them. *Id.* at 1155.

Any "reasonable" calculation of attorney's fees must, however, comport with the preponderance of the evidence standard. *See Coleman*, 730 F. Supp. 2d. at 1148. Such calculations should be conservative estimates. *See Guglielmino*, 506 F.3d at 701 (holding that the district court's assessment of fees was acceptable, given that it was a "conservative estimate"). The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (holding that it is appropriate to look to emotional distress damage awards in similar cases when calculating the amount in controversy); *see also Brady*, 243 F. Supp. 2d at 1011 ("The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience.").

In the instant case, Plaintiffs seek attorney's fees pursuant to Government Code Section 12965(b), Compl. at 15, which authorizes courts to grant such fees. Therefore, attorney's fees should be part of the amount-in-controversy calculation. *See Galt G/S*, 142 F.3d at 1156.

---

[3] In addition, Plaintiffs correctly argue that for determining amount in controversy, the relief sought under claims arising under different facts may not be aggregated. *See* Mot. at 3. Only when there is a "common and undivided interest" arising from the same set of circumstances and same underlying facts may those interests be aggregated for purposes of the amount in controversy. *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41 (1911).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0285-DOC (RNBx)                                                 Date: May 30, 2014

                                                                                                                                            Page 8

ACE calculated attorney's fees by assuming that a reasonable and typical rate for this case is $300 per hour with 100 hours expended. Opp'n at 13. Employment claims have been found to "require substantial effort from counsel." *Simmons*, 209 F. Supp. 2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages"). Other courts have adopted the same $300 per hour rate for employment actions. *See, e.g.*, *Brady*, 243 F. Supp. 2d at 701. The Court finds that these estimates are reasonable and satisfy the general preponderance of the evidence standard. *See Coleman*, 730 F. Supp. 2d. at 1148. Therefore, with the additional attorney's fees, Ms. Miranda's claims satisfy the jurisdictional minimum.

## IV. DISPOSITION

For the reasons explained above, the Court DENIES Plaintiffs' Motion to Remand the case to state court. If parties can stipulate to remand the action, as they indicated as a possibility in their papers, the Court will consider such a stipulation.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk: jcb